FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 02, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES BENJAMIN BARSTAD,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON, sued jointly and severally, in personal/private/"Individual" and official/public/de facto/"Person"al capacities, et al.,<br><br>                Defendants. | No.   4:21-cv-05105-SMJ<br><br>**ORDER REGARDING<br>ECF NOS. 17, 22, 28** |

Before the Court are Plaintiff's Motion to Amend Complaint and Change Venue, ECF No. 17, Plaintiff's Motion for Certification to State Supreme Court, ECF No. 22, and Defendants' Motion for Extension of Dispositive Motion Deadline, ECF No. 28. After review of the file and the motions, the Court is fully informed. For the reasons set out below, the Court denies Plaintiff's motions to change venue and certify, reserves judgment on Plaintiff's motion to amend, and grants Defendants' motion for an extension.

//

//

ORDER REGARDING ECF NOS. 17, 22, 28 – 1

## BACKGROUND

Plaintiff is currently an inmate in the custody of the Washington State Department of Corrections. Plaintiff claims that Defendants—the state of Washington, Governor Inslee, and Superintendent Uttecht—failed to protect him from contracting COVID-19 when he was housed at the Coyote Ridge Corrections Center. He alleges that Defendants inflicted "unnecessary punishment" and unlawful restraint because he now suffers from "diminished lung capacity, shortened life expectancy and unnecessary mental anguish and physical suffering." In his complaint, Plaintiff states that he seeks $2,000,000 to $5,000,000 in damages for "each occurrence" with 18% interest. ECF No. 1-2.

## DISCUSSION

**I.    Motion for Certification to State Supreme Court, ECF No. 22**

As a preliminary matter, the Court addresses Plaintiff's Motion for Certification to State Supreme Court, ECF No. 22. In his motion, Plaintiff seeks certification to the Washington Supreme Court to address whether Plaintiff has administratively exhausted administrative remedies under the Prison Litigation Reform Act. *Id.*

//

//

//

Federal courts may decide state law issues of first impression, but they also have discretion to certify such issues to the state's highest court. *Murray v. BEJ Minerals, LLC*, 924 F.3d 1070, 1071 (9th Cir. 2019). Washington law permits certification of questions to the Washington Supreme Court when "the local law has not been clearly determined." RCW § 2.60.020; *accord*, RAP 16.16(a).

In making its determination, the Court considers: "(1) whether the question presents 'important public policy ramifications' yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (3) 'the spirit of comity and federalism.'" *Kremen v. Cohen*, 325 F.3d 1035, 1037–38 (9th Cir. 2003). Certification is not necessarily predicated on whether the legal issue is difficult or can be decided by the Court but "because of deference to the state court on significant state court matters." *Id.* Certification saves "time, energy, and resources and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).

Here, Plaintiff's requests meet none of the criteria in favor of certification. For one, questions of exhaustion under the PLRA are federal questions appropriately addressed by this Court. Moreover, Plaintiffs claims do not present the kind of *new* and substantial question of broad application that makes certification appropriate, as federal courts routinely determine whether PLRA litigants have exhausted their administrative remedies. *See, e.g.*, *Davies v. Hughes*,

ORDER REGARDING ECF NOS. 17, 22, 28 – 3

333 F. App'x 328 (9th Cir. 2009) (finding district court properly dismissed the case because Plaintiff's procedurally defective grievance did not constitute proper exhaustion). As such, Plaintiff's motion is denied.

**II.    Motion to Change Venue and File FAC, ECF No. 17**

Plaintiff also seeks to amend his complaint and change venue. ECF No. 17. The Court will consider the motion to amend and proposed amendment, ECF No. 17 at 49–56, when addressing Defendants' Motion for Summary Judgment, ECF No. 29. For now, the Court reserves judgment on that portion of the motion.

However, the Court denies Plaintiff's motion for a change of venue. In the motion, Plaintiff argues that he "feels he will not have a favorable decision in [the] Eastern District of Washington." ECF No. 17 at 1. In support, he argues that (1) he has never received a favorable decision in this District, (2) that numerous articles have been published regarding his 1996 crimes of conviction, making Plaintiff "feel[] he will not be able to get a fair peer review when this case goes to trial, (3) and that a majority of Defendants reside in the Western District. *See generally* ECF No. 17. But the claims set out in Plaintiff's complaint, which *he brought* in Franklin County Superior Court and which Defendants then removed to federal court, arise from alleged conduct at the Coyote Ridge Corrections Center in Connell, Washington. Nothing in Plaintiff's proposed amended complaint changes this.

//

In any event, Plaintiff's arguments do little to convince the Court that transfer would be a necessary remedy. For one, the Court is not convinced that the press coverage about Plaintiff's case —most of which is over two decades old—will prevent the Court, after all potential jurors are subject to voir dire, from seating a fair and impartial jury of Plaintiff's peers, especially given that this case has nothing to do with that one. Also, it is not at all clear that a "majority" of the two named individual defendants reside in the Western District, nor would that be dispositive given that they oppose the requested transfer and Plaintiff chose to file his suit here, not in a court in the Western District. Finally, the fact that Plaintiff claims he has never received a favorable decision in this district is not sufficient to justify transfer.

Accordingly**, IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Change Venue, **ECF No. 17**, is **DENIED**. The Court reserves judgment on the request to amend the complaint, and will address the request in the Court's order addressing Defendant's pending Motion for Summary Judgment, ECF No. 29.

2. Plaintiff's Motion for Certification to State Supreme Court, **ECF No. 22**, is **DENIED**.

//

//

//

ORDER REGARDING ECF NOS. 17, 22, 28 – 5

3. Finding good cause, Defendants' Motion for Extension of Time to File Dispositive Motion, **ECF No. 28**, is **GRANTED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Plaintiff and all counsel.

**DATED** this 2nd day of August 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge