FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 09, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES BENJAMIN BARSTAD,<br><br>           Plaintiff,<br><br>      v.<br><br>STATE OF WASHINGTON, sued jointly and severally, in personal/private/"Individual" and official/public/de facto/"Person"al capacities, et al.,<br><br>           Defendants. | No.   4:21-cv-05105-SMJ<br><br>**ORDER GRANTING SUMMARY JUDGMENT** |

Before the Court is Defendants' Motion for Summary Judgment, ECF No. 29. After review of the file, the Court grants the motion and enters judgment in favor of the Defendants.

**BACKGROUND**

Plaintiff is currently an inmate in the custody of the Washington State Department of Corrections. Plaintiff claims that Defendants—the state of Washington, Governor Inslee, and Superintendent Uttecht—failed to protect him from contracting COVID-19 when he was housed at the Coyote Ridge Corrections Center. He alleges that Defendants inflicted "unnecessary punishment" and

ORDER GRANTING SUMMARY JUDGMENT – 1

1    unlawful restraint because he now suffers from "diminished lung capacity,

2    shortened life expectancy and unnecessary mental anguish and physical suffering."

3    In his complaint, Plaintiff states that he seeks $2,000,000 to $5,000,000 in damages

4    for "each occurrence" with 18% interest. ECF No. 1-2.

5        Defendants then filed their motion for summary judgment, accompanied by

6    a statement of facts, two declarations in support of the motion, and a dispositive

7    motion notice to *pro se* plaintiff. ECF Nos. 29–33. Plaintiff filed a short brief in

8    opposition but did not include any additional evidence. *See* ECF No. 37.

9                            **LEGAL STANDARD**

10        The Court must grant summary judgment if "the movant shows that there is

11    no genuine dispute as to any material fact and the movant is entitled to judgment as

12    a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the

13    outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477

14    U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence

15    is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

16        The moving party bears the initial burden of showing no genuine dispute of

17    material fact exists because a reasonable jury could not find in favor of the

18    nonmoving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986);

19    *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 n.10, 587

20    (1986). If the moving party makes this showing, the nonmoving party then bears

ORDER GRANTING SUMMARY JUDGMENT – 2

1    the burden of showing a genuine dispute of material fact exists because reasonable

2    minds could differ on the result. *See Anderson*, 477 U.S. at 248–51; *Matsushita*

3    *Elec. Indus.*, 475 U.S. at 586–87.

4         The nonmoving party may not rest upon the mere allegations or denials of its

5    pleading and must instead set forth specific facts, and point to substantial probative

6    evidence, tending to support its case and showing a genuine issue requires trial

7    resolution. *See Anderson*, 477 U.S. at 248–49. The Court must enter summary

8    judgment against the nonmoving party if it fails to make a showing sufficient to

9    establish an element essential to its case and on which it would bear the burden of

10   proof at trial. *See Celotex Corp.*, 477 U.S. at 322.

11        In ruling on a summary judgment motion, the Court must view the evidence

12   in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572 U.S.

13   650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

14   Thus, the Court must accept the nonmoving party's evidence as true and draw all

15   reasonable inferences in its favor. *See Anderson*, 477 U.S. at 255. The Court may

16   not assess credibility or weigh evidence. *See id.*

17        To state a claim under 42 U.S.C. § 1983, at least two elements must be met:

18   (1) the defendant must be a person acting under color of state law, (2) and his

19   conduct must have deprived the plaintiff of rights, privileges or immunities secured

20   by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527,

ORDER GRANTING SUMMARY JUDGMENT – 3

535 (1981). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980). That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986).

## DISCUSSION

**A.    Plaintiff's Claims Against Washington State and the Individual Defendants in their Official Capacities Are Barred by The Eleventh Amendment**

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). "The Eleventh Amendment bars such suits unless the State has waived its immunity, *Welch v. Texas Dept. of Highways and Public Transportation*, 483 U.S. 468, 472–473 (1987) (plurality opinion), or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Id.* In passing Section 1983, Congress did not abrogate the States' Eleventh Amendment immunity. *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979); *see also Johnson v. Washington*, 2019 WL 5223048, at *1 (W.D. Wash. Sept. 17, 2019), *report and recommendation adopted*,

2019 WL 5213116 (W.D. Wash. Oct. 16, 2019) ("Neither states, nor entities that are arms of the state, are 'persons' for purposes of § 1983."). And government officials sued in their official capacities are likewise protected from suit because the suit is "in substance, a suit against the Government over which the court, in the absence of consent, has no jurisdiction." *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949). Plaintiff's claims against the State of Washington, Governor Inslee in his official capacity, and Superintendent Uttecht in his official capacity, are therefore barred by the Eleventh Amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). As such, Washington State is entitled to summary judgment. The individual defendants are also entitled to summary judgment as to the claims brought against them in their official capacity.

**B.    Plaintiff Fails to Present Evidence Demonstrating Personal Participation of the Individual Defendants**

Under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

ORDER GRANTING SUMMARY JUDGMENT – 5

1      The inquiry into causation must be individualized and focus on the duties and

2  responsibilities of each individual defendant whose acts or omissions are alleged to

3  have caused a constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th

4  Cir. 1988); *see also Rizzo v. Goode*, 423 U.S. 362, 370–71, 375–77 (1976). The

5  plaintiff must set forth specific facts showing a causal connection between each

6  defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*,

7  616 F.2d 1089, 1092 (9th Cir. 1980); *Rizzo*, 423 U.S. at 371.

8      Barstad asserts that due to their supervisory positions, Superintendent Uttecht

9  and Governor Inslee were responsible for implementing policies and executive

10  orders that Department staff were required to carry out. But defendants in a 42

11  U.S.C. § 1983 action cannot be held liable based on a theory of respondeat superior

12  or vicarious liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bergquist*

13  *v. County of Cochise*, 806 F.2d 1364, 1369 (9th Cir. 1986) (abrogated on other

14  grounds by *City of Canton v. Harris*, 489 U.S. 378 (1989)). "At a minimum, a §

15  1983 plaintiff must show that a supervisory official at least implicitly authorized,

16  approved, or knowingly acquiesced in the unconstitutional conduct." *Bellamy v.*

17  *Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984). A

18  defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of

19  supervisory responsibility or position. *Monell v. Department of Social Services of*

20

ORDER GRANTING SUMMARY JUDGMENT – 6

1  *City of New York*, 436 U.S. 658, 694 (1978); *Padway v. Palches*, 665 F.2d 965 (9th

2  Cir. 1982).

3      Barstad argues that staff were not properly wearing masks and that new

4  inmates continued to be brought into the facility which increased his risk of "cross

5  contamination." ECF No. 1-2 at 12. But Barstad provides no evidence to show

6  Superintendent Uttecht or Governor Inslee knowingly participated or acquiesced to

7  any unconstitutional conduct against him. Even assuming Plaintiff's grievances rise

8  to the level of a constitutional violation, none of his allegations, nor his exhibits to

9  his complaint, indicate that either Defendant was aware of prison staff not properly

10  wearing masks nor that Plaintiff was exposed to new inmates who may have been

11  carrying the virus.. Accordingly, the Court finds that Superintendent Uttecht and

12  Governor Inslee are entitled to summary judgment on all the claims against them.

13  **C.    The Individual Defendants are Entitled to Qualified Immunity**

14      Even if Defendants Uttecht and Inslee were not entitled to summary

15  judgment for lack of personal participation, they would be entitled to qualified

16  immunity. "The doctrine of qualified immunity protects government officials 'from

17  liability for civil damages insofar as their conduct does not violate clearly

18  established statutory or constitutional rights of which a reasonable person would

19  have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v.*

20  *Fitzgerald*, 457 U.S. 800, 818, (1982)). To determine whether an official is entitled

ORDER GRANTING SUMMARY JUDGMENT – 7

1  to qualified immunity, courts generally apply a two-part inquiry: "First, do the facts

2  the plaintiff alleges show a violation of a constitutional right? Second, was the right

3  'clearly established' at the time of the alleged misconduct." *Carrillo v. Cty. of L.A.*,

4  798 F.3d 1210, 1218 (9th Cir. 2015) (citations omitted). "An officer cannot be said

5  to have violated a clearly established right unless the right's contours were

6  sufficiently definite that any reasonable official in his shoes would have understood

7  that he was violating it, meaning that existing precedent placed the statutory or

8  constitutional question beyond debate." *Id.* (quoting *City & Cty. of S.F. v. Sheehan*,

9  135 S. Ct. 1765, 1774 (2015)).

10       Here, Plaintiff has not provided sufficient evidence to demonstrate a violation

11  of his constitutional rights. As noted, he has failed to show the personal involvement

12  of the individual Defendants. He has also failed to establish a violation of his Eighth

13  Amendment rights prohibiting cruel and unusual punishment. "[A] prison official

14  violates the Eighth Amendment only when two requirements are met." *Farmer v.*

15  *Brennan*, 511 U.S. 825, 834 (1994). First, the inmate must show that the alleged

16  deprivation at the hands of prison officials was, "objectively, sufficiently serious"

17  and "result[ed] in the denial of the minimal civilized measures of life's necessities."

18  *Id.* While judgments regarding this requirement "should be informed by objective

19  factors to the maximum possible extent," the Supreme Court has held that "[n]o

20  static 'test' can exist by which courts determine whether conditions of confinement

ORDER GRANTING SUMMARY JUDGMENT – 8

are cruel and unusual" because the Eighth Amendment "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Id.* at 347.

While Defendant did contract COVID-19 while incarcerated, testing positive on June 21, 2020, he fortunately suffered a relatively minor case, and his medical records demonstrate that he recovered with no lingering complications. Notably, Plaintiff's medical records demonstrate that his case of COVID-19 was initially asymptomatic and that he was visited by medical providers multiple times. ECF No. 30 at 2. Then, on June 29, 2020, Plaintiff reported a slight cough and headache, but no other symptoms. *Id.* He also noted that he had a history of Chronic Obstructive Pulmonary Disease and that at some point prior to his incarceration, he smoked one pack of cigarettes a day for 30 days. *Id.* Plaintiff was then monitored pursuant to the COVID-19 protocol in place and reported on a daily basis that he had no additional symptoms, besides noting that his allergies were bothering him. *Id.* On July 16, 2020, Plaintiff was released from medical isolation. *Id.*

His next medical visit, on August 27, 2020, was completely unrelated to COVID-19; he instead reported hand pain. *Id.* Next, on March 21, 2021, he visited medical for high blood pressure, noting at that time that he did not have any chest

ORDER GRANTING SUMMARY JUDGMENT – 9

1   pains or new medical problems. *Id.* Between May 3, 2021 and June 8, 2021, Plaintiff

2   attended various appointments regarding his hand and hip pain. *Id.* Also, between

3   January 1, 2020 and July 8, 2020, Plaintiff filed three health services kites, which

4   regarded requests for prescription refills, a flu shot, and hand treatment. *Id.* at 3.

5   Most recently, Plaintiff notified the Court that he had contracted COVID-19 a

6   second time, though he provides no support for this claim or evidence that this

7   occurrence was any more severe than his previous case. ECF No. 37 at 2. As

8   evidenced by this summary, Plaintiff's case of COVID-19 was relatively tame, even

9   if unpleasant, and almost all of Plaintiff's medical concerns over the past few years

10  had nothing to do with COVID-19 and instead focused on unrelated conditions.

11  Thus, any injury stemming from the alleged but unsupported allegations in

12  Plaintiff's complaint did not rise to level of an Eighth Amendment violation.

13          Second, even if Plaintiff had sufficiently demonstrated the violation of a

14  constitutional right, the specific contours of that right were not so clearly established

15  that *any reasonable* official in Defendants' shoes would have understood that they

16  were violating Plaintiff's rights in failing to ensure staff were wearing masks at all

17  times or in allowing new inmates to be brought to Plaintiff's facility. The only

18  relevant case Plaintiff cites in support is *Matter of Williams*, 496 P.3d 289 (Wash.

19  2021), a case published after the events at issue here and interpreting the

20  Washington State Constitution's cruel and unusual punishment provision, which

ORDER GRANTING SUMMARY JUDGMENT – 10

1   Plaintiff acknowledges "is more protective [than] the Eighth Amendment to the

2   U.S. Constitution." ECF No. 37 at 7. This case, having been decided after the events

3   here and interpreting the Washington State Constitution, is insufficient to place the

4   individual defendants on notice that their actions violated the U.S. Constitution, and

5   so these defendants are entitled qualified immunity on these claims.

6   **D.    Permitting Plaintiff to File His First Amended Complaint Would be Futile**

7        Plaintiff has filed a motion for leave to file a first amended complaint, ECF

8   No. 17. In his motion, he attached the proposed amended complaint, which

9   incorporates and supplements his initial complaint. *Id.* at 49–59. But the Court has

10  considered the contents of the proposed amendment and nothing in this supplement

11  changes the analysis above, rendering amendment futile. *See Saul v. United States*,

12  928 F.3d 829, 843 (9th Cir. 1991). In particular, the Court reiterates that Plaintiff's

13  relatively moderate reaction to contracting COVID-19 bars the relief he seeks,

14  including the proposed claim seeking injunctive. To be sure, COVID-19 is a serious

15  health concern, both for those who are incarcerated and those who are not. But the

16  facts presented by Plaintiff do not establish that he had anything but a routine case

17  of COVID-19, nor do they establish that any of the defendants have violated any of

18  Plaintiff's rights. Accordingly, the Court denies the motion.

19  //

20  //

ORDER GRANTING SUMMARY JUDGMENT – 11

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion to File a First Amended Complaint, **ECF No. 17**, is **DENIED**.

2.    Defendants' Motion for Summary Judgment, **ECF No. 29**, is **GRANTED**.

3.    All claims are **DISMISSED WITH PREJUDICE**, with all parties to bear their own costs and attorney fees.

4.    All pending motions are **DENIED AS MOOT**.

5.    All hearings and other deadlines are **STRICKEN**.

6.    The Clerk's Office is directed to **ENTER JUDGMENT** in Defendants' favor and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Plaintiff and all counsel.

**DATED** this 9th day of August 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING SUMMARY JUDGMENT – 12